UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In Re: Xtreme Landscaping & Grounds Maintenance, LLC

Core Property Capital, LLC, Palmdale Oil Company, LLC

Appellants,

v.

Amy Denton Mayer, Plan Administrator

Appellee,

_______________________________/

Case No. 2:26-cv-02392-KCD
Case No. 2:26-cv-02398-KCD
BANKRUPTCY APPEALS
CONSOLIDATED FOR PURPOSES OF THIS ORDER

# ORDER

The above cases were opened as appeals from the United States Bankruptcy Court covering this jurisdiction. Appellants Core Property Capital LLC and Palmdale Oil Company LLC both move to appeal the Bankruptcy Court's order granting the plan administrator an extension of time. (2:26-cv-2392, Doc. 6; 2:26-cv-2398, Doc. 2.)[1] Appellants present the same arguments, and so the cases have been consolidated for this order. For the reasons below, the motions are **DENIED**.

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

Xtreme Landscaping & Grounds Maintenance, LLC filed for Chapter 11 bankruptcy in 2024. Under 11 U.S.C. § 546(a), the plan administrator had until May 25, 2026, to file avoidance actions to claw back funds for the estate. On the final day, she filed a motion—which was later amended—seeking an extension of time. (Case No. 2:24-bk-00747-FMD, Docs. 156, 165.) She explained that a recent law firm transition, combined with a scramble to retrieve the debtor's scattered corporate records, hampered her ability to finalize and file her third-party complaints. (*Id.*)

Core Property and Palmdale, themselves targets of potential avoidance actions, objected to the extension. They argued that the plan administrator had failed to demonstrate the requisite cause for a delay that was of her own making. They also demanded an evidentiary hearing to test her assertions. The Bankruptcy Court sided with the plan administrator and granted her the extension. (*Id.*, Doc. 173.)

Core Property and Palmdale now ask this Court to intervene. In their telling, the Bankruptcy Court lacked the legal authority to extend a statutory deadline using a procedural rule, and even if it had such authority, it erred in finding sufficient cause.

## II. Discussion

Appellants are not challenging a final order from the Bankruptcy Court. As such, they must seek leave to appeal under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004. *See In re Robinson v. Lofty Asset Mgmt., Inc.*, No. 3:19-BK-1041-JAF, 2019 WL 5102921, at *1 (M.D. Fla. Oct. 11, 2019).

Section 158(a)(3) allows district courts to entertain interlocutory bankruptcy appeals, but it "does not contain a standard for determining when [we] should" do so. *In re Brown*, No. 3:17-BK-02262-PMG, 2018 WL 3496790, at *2 (M.D. Fla. July 20, 2018). To fill that gap, we borrow the three-part framework from 28 U.S.C. § 1292(b). "Under these standards, a court will permit an interlocutory appeal of [a bankruptcy] order if (1) the order presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Id.* All three elements are required for relief. And even then, review is strictly discretionary, reserved only for "exceptional" cases where the benefits of immediate resolution outweigh the costs of piecemeal appeals. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996).

None of the necessary elements have been proven here. First, while Appellants frame their leading argument as a pure legal question—does a bankruptcy court have the authority to enlarge the statutory deadline set by

11 U.S.C. § 546(a)—they don't stop there. They ask the Court to go further and evaluate whether the plan administrator was entitled to such an extension. That presents a problem. Under § 1292(b), a "controlling question of law" means "an abstract legal issue" that an appellate court "can decide quickly and cleanly without having to study the record." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004). By asking this Court to weigh whether the plan administrator's excuses were factually sufficient to justify an extension, Appellants seek a record-intensive review of a discretionary ruling. That kind of inquiry is the "antithesis of a proper § 1292(b) appeal." *Id.* at 1259.

But even if we isolate Appellants' legal question, they have not shown a "substantial ground for difference of opinion" on the issue. 28 U.S.C. § 1292(b). The Eleventh Circuit has squarely held that § 546(a) is a limitations period subject to enlargement at the bankruptcy court's discretion. *See In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 699 (11th Cir. 2005). "[T]here cannot be a substantial difference of opinion as to a legal principle if there is controlling authority in the bankruptcy court's jurisdiction." *In re Brown*, 2018 WL 3496790, at *2.

Appellants note this precedent but point to a subsequent Supreme Court case that limited a bankruptcy court's equitable powers to override explicit statutory mandates. *Law v. Siegel*, 571 U.S. 415 (2014). But a district court is strictly bound to follow circuit law until it is explicitly overruled or undermined

to the point of abrogation. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008). *Siegel* concerned a different section of the bankruptcy code. It did not address § 546(a) or "clearly" overrule the Eleventh Circuit's existing precedent on this issue. *Id.*

Finally, Appellants have not shown that an immediate appeal would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). To be sure, reversing the extension order would preclude the adverse actions against Appellants. But the plan administrator has identified multiple other targets who have not objected to the extension. *See In re Pugh*, 158 F.3d 530, 534 (11th Cir. 1998) ("[S]ections 546(a) and 549(d) are true statutes of limitations that can be waived."). So even if Appellants win here and are carved out, the broader Chapter 11 proceeding seemingly continues on. Nothing about this interlocutory appeal would thus help avoid a trial or otherwise shorten the litigation as a whole. *See, e.g.*, *In re Jemsek Clinic, P.A.*, No. 06-31766, 2011 WL 3841608, at *3 (W.D.N.C. Aug. 30, 2011).

This dispute does not strike the Court as exceptional. Allowing an interlocutory appeal would simply splinter the bankruptcy case to decide an ancillary issue while generating the kind of costly, piecemeal review the final-judgment rule is built to prevent. Accordingly, it is now **ORDERED**:

1. Appellant Core Property Capital LLC's Motion for Leave to Appeal Order (2:26-cv-2392, Doc. 6) is **DENIED**.

2. Appellant Palmdale Oil Company LLC's Motion for Leave to Appeal Order (2:26-cv-2398, Doc. 2) is **DENIED**.

3. The Clerk is directed to terminate all deadlines and close both cases (2:26-cv-2392 & 2:26-cv-2398).

**ENTERED** in Fort Myers, Florida on September 17, 2026.

Kyle C. Dudek
United States District Judge